### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re:                                                                                  Case No.: 14-29531-LMI
RICHARD VINNECCY
    SS #xxx-xx-2413                                                  Chapter 13

Debtor.
_____/

### DEBTOR'S MOTION TO APPROVE EARLY PAYOFF OF CHAPTER 13 PLAN[1]

Debtor, RICHARD VINNECCY ("Debtor"), by and through his undersigned attorney, files this motion to approve early payoff of his confirmed Chapter 13 plan, in accordance with 11 U.S.C. § 1329 and the additional authority cited herein, and in support thereof states as follows:

#### Summary of Requested Relief

This *under median* debtor recently lost his job in the midst of unique legal issue being evaluated by the Court – the effect on timing of plan payments for a re-converted chapter 13 case. The uncertainty of the Court's ruling on the timing of required plan payments, which ruling either places the Debtor behind in his plan payments or ahead, in conjunction with the recent loss of employment has caused the Debtor significant stress. The Debtor's girlfriend however, has volunteered to tender the balance of funds needed for the Debtor to complete his chapter 13 plan in the event the Court grants this motion. Accordingly, the Debtor requests that the Court approve his early payoff of his chapter 13 plan.

#### FACTUAL BACKGROUND

1.    On August 29, 2014, Debtor filed a voluntary petition pursuant to chapter 13 of the Bankruptcy Code. ECF 1.

---

[1] The requested relief requires modification of the Debtor's operative plan, pursuant to 11 U.S.C. § 1329.

2. The Debtor was under median when he filed this case. ECF 7.

3. As an under median debtor, his "applicable commitment period" was thirty six (36) months. 11 U.S.C. § 1325(b)(4).

4. On February 27, 2015, the case was voluntarily converted to one under chapter 7[2] but thereafter reconverted to a case under chapter 13 on August 6, 2015. ECF 92.

5. Thereafter, the first modified plan [ECF 103] was confirmed on November 24, 2015. ECF 138. The confirmed plan required a total of $18,792.72 to be paid to the Trustee.

6. To date, the Debtor has paid a total of $10,441.14 into the plan, leaving a balance of $8,351.58 payable to the Trustee.

7. Recently a unique issue arose in this case which required the Trustee to file her *Motion To Determine When The First Payment Under The Plan Was Due And The Applicable Commitment Period Of Reconverted Case* [ECF 159] (the "Pending Motion").

8. When the undersigned spoke to the Debtor after the initial hearing on the Trustee's Pending Motion, the Debtor's recent loss of employment was revealed. The uncertainly regarding the legal analysis, the lack of clear statutory authority and absence of case law on the issue made the Debtor even more concerned, as it could be determined that he is behind in his plan payments.

9. The Debtor's girlfriend has volunteered to tender the balance necessary for the Debtor to complete his chapter 13 payments in full at this time, assuming Court approval of this Motion, which would moot the issue under advisement and provide this honest but unfortunate debtor a fresh start.

---

[2] ECF 46.

## LEGAL AUTHORITY FOR REQUESTED RELIEF

10. The Court has discretion to modify chapter 13 plan, so long as the modified plan complies with the applicable provisions of §§ 1322(a), 1322(b), 1323(c) and 1325(a). 11 U.S.C. § 1329(b).

11. Courts in this District have permitted even debtors with above median incomes, under appropriate circumstances, to complete their plans early pursuant to § 1129. *In re Tibbs*, 478 B.R. 458 (Bankr. S.D. Fla. 2012); *In re Gonzalez*, 2014 Bankr. Lexis 4741, 25 Fla. L. Weekly Fed. B 201 (Bankr. S.D. Fla. 2014).

12. While this Court came to a different conclusion for above median debtors in *In re Rhymaun*, 2011 Bankr. LEXIS 5509, 2011 WL 9378787, prior to the rulings in *Tibbs* and *Gonzalez*, the facts that the Court considered in *Rhymaun* which resulted in denial of an early payoff motion are distinguishable from the facts of the instant case.

13. Specifically, in *Rhymaun* the Court had before it an above median debtor which, under §1325 required a five (5) year commitment period. *Id*. at 1.

14. However in the present case, the Debtor's applicable commitment period is three (3) years since he had under median income. ECF 7. While the Debtor opted for a longer plan term, he was only *required* to dedicate his income, and potential increases in income, for the three (3) year period under § 1325(b)(4).

15. Now that uncertainty exists regarding the current month of the plan, and with the Debtor's loss of employment and income, the Debtor seeks in good faith to complete his chapter 13 plan early. He seeks to utilize non-estate property that is only available for this specific purpose, in an effort to complete his payment plan with his creditors.

16. Moreover, the granting of the requested relief will conserve judicial

resources, having mooted the Trustee's Pending Motion.

17.     **THE UNSECURED CREDITORS ARE HEREBY ADVISED THAT THE GRANTING OF THIS MOTION MAY DEPRIVE THEM OF A POTENTIALLY HIGHER DIVIDEND IN THE EVENT THAT THE DEBTOR HAS AN INCREASE IN DISPOSABLE INCOME OVER THE SIXTY (60) MONTH PERIOD OF THE CONFIRMED PLAN.**

18.     The Debtor has agreed to pay the undersigned's firm $525 for the filing of this Motion. By way of this motion, Moffa & Breuer, PLLC seeks approval for this additional fee and expense.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an order: A) granting Debtor's Motion to Approve Early Payoff of Chapter 13 Plan, B) authorizing a payoff balance in the amount of $8,351.58, less any payments made by Debtor subsequent to the filing of this Motion, C) approving the compensation of Moffa & Breuer, PLLC in the amount of $525.00 for the filing of this motion, and (D) granting of any additional and further relief this Court deems proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court of the Southern District of Florida, that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was filed using CM/ECF and served this 3rd day of August, 2018: (i) via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this bankruptcy case, and/or (ii) via First Class U.S. Mail, unless stated otherwise, upon the parties listed on the attached mailing matrix.

Moffa & Breuer, PLLC.
Attorneys for the Debtor
1776 N Pine Island Rd #102
Plantation, FL   33322
Telephone    954-634-4733
FAX             954-337-0637
Email:           Stephen@moffa.law

By: /s/ *Stephen C. Breuer*
       Stephen C. Breuer
       FBN 99709

**SERVICE LIST**
[mailing matrix]